IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEOPOLDO RIVERA HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:10-cv-2229-BN |
| | § | |
| ALEMAN CONSTRUCTION, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

At the close of the evidence, Plaintiff Leopoldo Rivera Hernandez and Defendants Aleman Construction, Inc. and Guillermo Aleman have each orally moved for judgment as a matter of law under Fed. R. Civ. P. 50(a). Rule 50(a) provides: "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

Defendants move for judgment in their favor on Plaintiff's claim against each Defendant on the basis that a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff on the required element of his claim that Plaintiff was an employee of Defendants Aleman Construction, Inc. and Guillermo Aleman.

Plaintiff, in turn, moves for judgment in his favor on the same required element of his claim. Granting Plaintiff's motion would still send other disputed factual questions to the jury for a verdict; granting Defendants' motion would result in a judgment for Defendants on Plaintiff's single claim against each Defendant.

Rule 50(a) judgment as a matter of law is proper where there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). The Court must draw all reasonable inferences in favor of the non-moving party. *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990). More specifically, the Court should give credence to the evidence favoring the non-moving party and any uncontradicted or unimpeached evidence supporting the moving party, to the extent such evidence comes from disinterested witnesses. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). "A rule 50(a) motion for judgment as a matter of law is properly granted if the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not have arrived at a contrary verdict," and the Court must "not make credibility determinations or weigh the evidence." *Homoki v. Conversion Services, Inc.*, 717 F.3d 388, 395 (5th Cir. 2013).

Plaintiff must prove, by a preponderance of the evidence, that he was an employee of one or both Defendants Aleman Construction, Inc. and Guillermo Aleman during the time period involved. Defendants take the position that Plaintiff was not an employee of either Aleman Construction, Inc. and Guillermo Aleman but rather was

-2-

an independent contractor. Defendants also take the position that, regardless of whether Plaintiff was an employee of Aleman Construction, Inc., Plaintiff was not an employee of Guillermo Aleman – that is, that Guillermo Aleman was not Plaintiff's employer so as to be personally liable under the Fair Labor Standards Act ("FLSA") for the alleged failure to pay Plaintiff overtime pay required by law.

<u>Employee or Independent Contractor</u>

The determination of whether a worker qualifies as an employee for purposes of the FLSA requires consideration of whether, as a matter of economic reality, the worker was economically dependent upon the business to which he rendered his services or was instead in business for himself – that is, whether Plaintiff, as a matter of economic reality, was dependent for his continued employment on his relationship with his alleged employers. *See  Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008); *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1054 (5th Cir. 1987).

To make this determination, the United States Court of Appeals for the Fifth Circuit has long mandated the consideration of the following factors, based on all the evidence in the case: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss was determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *See Hopkins*, 545 F.3d at 343; *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 666 (5th Cir. 1983). A determination of employee or independent contractor status, while considering these factors, requires a consideration

of all the evidence presented regarding the circumstances surrounding the work relationship that Plaintiff had with Aleman Construction, Inc. and with Guillermo Aleman. *See id.* No single factor determines the outcome. *See Hopkins*, 545 F.3d at 343. Each of the factors is a tool to be used to gauge the economic dependence of the alleged employee, and each factor must be applied with this ultimate concept in mind: whether, as a matter of economic reality, Plaintiff was economically dependent upon his alleged employers or was instead in business for himself. *See id.*

"These factors are not exhaustive, nor can they be applied mechanically to arrive at a final determination of employee status. Rather, they must always be aimed at an assessment of the 'economic dependence' of the putative employees, the touchstone for this totality of the circumstances test." *Brock* , 814 F.2d at 1043.

Defendants' motion on this issue is DENIED. There is a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on this question. The parties have stipulated to the following facts:

- Leopoldo Rivera Hernandez worked for Defendants from April 2004 until October 15, 2010. During that entire period of time, he worked as a construction worker, and his pay rate was $10.00 per hour.

- Guillermo Aleman hired Plaintiff, paid him, and set his salary.

- Defendants controlled the details of Plaintiff's work and provided him with the tools, materials, and equipment that he used.

- Plaintiff provided unskilled labor that did not require education or experience in any particular field.

Dkt. No. 84 at 3. These stipulated facts, which a reasonable jury could find weigh in favor of finding employee status for purposes of the FLSA, coupled with the testimony of Plaintiff, Defendant Guillermo Aleman, and Hector Martinez at trial, dictate that judgment as a matter of law cannot be entered for Defendants on this issue.

To the extent that Defendants assert that this issue is conclusively resolved in their favor based on evidence that Plaintiff was the subject of Form 1099s or other tax returns reflecting independent contractor status and that Plaintiff signed contractual papers reflecting that he was an independent contractor, that argument fails under the governing Fifth Circuit law. The content of a plaintiff's tax returns can be relevant to this analysis as to, for example, the degree to which the plaintiff worker's opportunity for profit and loss is determined by the alleged employer. *See Carrell v. Sunland Const., Inc.*, 998 F.2d 330, 333-34 (5th Cir. 1993). Likewise, the Fifth Circuit has held that the fact that a worker signed contracts stating that he was an independent contractor, while relevant, is not dispositive. *See Robicheaux*, 697 F.2d at 667. But the fact that workers "listed themselves as self-employed on their tax returns ... does not tip the balance in favor of independent contractor status where ... the economic realities of the situation indicate that the employee depended upon the employer for his livelihood, as tested by the" five factors listed above. *Id.*; *see also Usery v. Pilgrim Equipment Co., Inc.*, 527 F.2d 1308, 1315 (5th Cir. 1976) ("Neither contractual recitations nor subjective intent can mandate the outcome in these cases. Broader economic realities are determinative." (footnotes omitted)). In this context, "[a] person's subjective opinion that he is a businessman rather than an employee does not change

his status." *Robicheaux*, 697 F.2d at 667. And the Fifth Circuit has long made clear that "facile labels and subjective factors are only relevant to the extent that they mirror 'economic reality.'" *Brock*, 814 F.2d at 1044. Thus, "it is legally possible to be an employee for purposes of the FLSA and an independent contractor under most other statutes," and, further, "it is clearly possible for [a worker] to be an employee under the FLSA even if he *actually believes* himself to be an independent contractor." *Hopkins*, 545 F.3d at 347.

Plaintiff's motion as to this issue presents the flip side of the coin: Is there a legally sufficient evidentiary basis for a reasonable jury to find for Defendants on the question of whether Plaintiff was, for purposes of his FLSA claim, an employee or an independent contractor – that is, to find that, in light of the standards discussed above, Plaintiff was an independent contractor. The Court is mindful that, in resolving this motion, it must draw all reasonable inferences in favor of the non-moving party, should give credence to the evidence favoring the non-moving party and any uncontradicted or unimpeached evidence supporting the moving party, to the extent such evidence comes from disinterested witnesses, and must not make credibility determinations or weigh the evidence and that judgment as a matter of law is properly granted on this issue in Plaintiff's favor only if the facts and inferences point so strongly and overwhelmingly in favor of Plaintiff that reasonable jurors could not have arrived at a contrary verdict as to this employee/independent contractor issue.

Further, the Court notes that the Fifth Circuit has discouraged district courts from granting Rule 50(a) motions, indicating its preference for the practice of

-6-

submitting the case to the jury and then passing on the sufficiency of the evidence on a post-verdict motion. *See McDaniel v. Terex USA, L.L.C.*, 466 F. App'x 365, 370 (5th Cir. 2012). The Court of Appeals has described this practice as "highly desirable" and observed that "[t]he primary reason we encourage district courts to reserve judgment on motions for directed verdict is that if the court grants a judgment n.o.v., a retrial is avoided if we reverse the j.n.o.v. because there is a jury verdict that can be reinstated." *McPhillamy v. Brown & Root, Inc.*, 810 F.2d 529, 532 (5th Cir. 1987) (citations and internal quotation marks omitted)).

However, here, if the Court were to submit this issue to the jury, the jury were to decide that Plaintiff was not an employee, and the Court were to determine on a post-verdict Rule 50(b) motion that there is not a legally sufficient evidentiary basis for a reasonable jury to find for Defendants on the question, a retrial would not be avoided because the jury would not have answered any of the other questions pertinent to Plaintiff's FLSA claim. *Cf. Castillo v. Givens*, 704 F.2d 181 (5th Cir. 1983); *Mitchell v. John R. Cowley & Bros., Inc.*, 292 F.2d 105, 109 (5th Cir. 1961). Further, the Court of Appeals – while not entirely clear on the propriety of ever submitting this question to a jury – has held that "[t]he ultimate finding as to employee status is not simply a factual inference drawn from historical facts, but more accurately is a legal conclusion based on factual inferences drawn from historical facts." *Brock*, 814 F.2d at 1045.

Having heard all the evidence at trial and considering the parties' stipulated facts, the Court concludes that there is not a legally sufficient evidentiary basis for a reasonable jury to find for Defendants on the question of whether Plaintiff was an

employee or an independent contractor. As to the five factors dictated by Fifth Circuit precedent, there is no evidence that would weigh in favor of finding independent contractor status.

Regarding the degree of control factor, the parties stipulated that Guillermo Aleman hired Plaintiff, paid him, and set his salary. The uncontroverted evidence at trial further established that Defendant Guillermo Aleman had the authority to make changes to Plaintiff's wage. The parties further stipulated that Defendants "controlled the details of Plaintiff's work," and the evidence at trial established that Defendant Guillermo Aleman and Hector Martinez supervised Plaintiff's work for Aleman Construction, Inc.

As to the extent of the relative investments of the worker and the alleged employer, the parties stipulated that Defendants provided Plaintiff "with the tools, materials and equipment that he used." And there was no evidence that Plaintiff made any investment in Defendant Aleman Construction, Inc.

As to the degree to which the worker's opportunity for profit or loss was determined by the alleged employer, the parties stipulated that Guillermo Aleman set Plaintiff's salary. The evidence at trial shows that Defendants also set Plaintiff's hours. And Plaintiff testified at trial that he worked exclusively for Defendants during the relevant, multi-year period, although there is no evidence in the record establishing that Plaintiff did not have the ability to work for others.

As to the skill and initiative required in performing the job, the parties stipulated that "Plaintiff provided unskilled labor that did not require education or

experience in any particular field." And the uncontroverted evidence established that Plaintiff's work for Defendants consisted of digging holes and trenches, which is simple, routine work for purposes of this economic reality test factor.

And, as to the permanency of the relationship, the parties stipulated that Plaintiff "worked for Defendants from April 2004 until October 15, 2010" – a period of more than six years. This is well within the range that the Fifth Circuit has previously found indicative of employee status. *See Robicheaux*, 697 F.2d at 666 (characterizing relationships between plaintiffs and defendant which spanned from ten months to three years as lasting a "substantial period of time").

In the face of this evidence, Defendants' evidence in support of finding independent contractor status consisted entirely of relying on Plaintiff's designation, by himself or by Defendants, in tax and contractual documents as an independent contractor. Based on all the authority described above, the evidence of these labels, subjective beliefs, and assertions of independent contractor status cannot support a verdict in Defendants' favor on this issue where, considering the evidence and inferences therefrom that may be drawn in Defendants' favor as to the other specified factors, the facts and inferences point so strongly and overwhelmingly in favor of a determination that the economic realities of the situation indicate that the employee depended upon the employers for his livelihood and that the facile labels and subjective factors on which Defendants rely simply do not mirror economic reality.

Accordingly, Plaintiff's Rule 50(a) motion is GRANTED, and the Court directs judgment as a matter of law in Plaintiff's favor on the issue of whether Plaintiff was an employee as opposed to an independent contractor.

<u>Defendants as Plaintiff's Employers</u>

Both parties also seek judgment as a matter of law on the question of, if Plaintiff was an employee and not an independent contractor, whether Plaintiff was an employee of Guillermo Aleman as well as Aleman Construction, Inc. – that is, whether Guillermo Aleman may also be liable, as Plaintiff's employer, for any unpaid overtime pay under the FLSA.

This question, too, must be answered in light of the economic realities of the entire relationship between the parties based on the evidence. *See Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012). A corporate officer with operational control of a corporation's employees is an employer along with the corporation, jointly and severally liable under the Fair Labor Standards Act for unpaid wages. *See id.*; *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984). That is, those who have operational control over employees within a company may be individually liable for the Fair Labor Standards Act violations committed by the company. *See Gray*, 673 F.3d at 355.

To determine whether an individual may be liable as an employer under the Fair Labor Standards Act, the jury must consider whether the individual (1) possessed the power to hire and fire the company's employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and

-10-

method of payment, and (4) maintained employment records. *See Gray*, 673 F.3d at 355. That is, Guillermo Aleman's operational control over employees within Aleman Construction, Inc. can be shown through evidence that he had the power to hire and fire employees, that he had the ability to supervise and control employees' work schedules or employment conditions, that he had the power to set wages and payment methods, and that he maintained the company's employment records. *See id.* at 357.

Each element need not be present for the jury to determine that Guillermo Aleman had operational control over employees within Aleman Construction, Inc., but the jury could not properly find that Guillermo Aleman was Plaintiff's employer under the Fair Labor Standards Act if Plaintiff has proven none of these elements as to Guillermo Aleman in this case. *See id.* The ultimate question for the jury to decide, as to whether Guillermo Aleman was Plaintiff's employer for purposes of the Fair Labor Standards Act, is whether, considering the economic reality of Guillermo Aleman's involvement in Aleman Construction, Inc., Guillermo Aleman had operational control over employees within Aleman Construction, Inc. *See Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 251-53 (5th Cir. 2012).

Defendants' motion on this issue is DENIED. There is a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on this question. The parties have stipulated to the following facts:

- Leopoldo Rivera Hernandez worked for Defendants from April 2004 until October 15, 2010. During that entire period of time, he worked as a construction worker, and his pay rate was $10.00 per hour.

- Guillermo Aleman is the President of Aleman Construction, Inc. He owns it and ran the company on a day to day basis. He could terminate employees at will.

- Guillermo Aleman hired Plaintiff, paid him, and set his salary.

- Defendants controlled the details of Plaintiff's work and provided him with the tools, materials, and equipment that he used.

- Defendants did not maintain time records with regard to Plaintiff's work.

Dkt. No. 84 at 3-4. These stipulated facts, which a reasonable jury could find weigh in favor of finding both Defendants' status as employers for purposes of the FLSA, coupled with the testimony of Plaintiff, Defendant Guillermo Aleman, and Hector Martinez at trial, dictate that judgment as a matter of law cannot be entered for Defendants on this issue.

Here, again, however, Plaintiff's motion as to this issue is GRANTED. The parties' stipulated facts and the uncontroverted evidence at trial show that – insofar as Plaintiff was either Defendant's employee and not an independent contractor – not only Aleman Construction, Inc. but also Guillermo Aleman was Plaintiff's employer. Considering the evidence and inferences therefrom that may be drawn in Defendants' favor, and the strict standards for granting a Rule 50(a) motion, the Court concludes that the facts and inferences therefrom point so strongly and overwhelmingly in favor of a determination that the economic realities of the situation show that, during the

relevant time period, Guillermo Aleman had operational control over employees within Aleman Construction, Inc. and had the power to hire employees, had the ability to supervise and control employees' work schedules or employment conditions, and had the power to set wages and payment methods, and that he maintained the company's employment records. *See Gray*, 673 F.3d at 355, 357. And the fact that the evidence and stipulated facts show that neither Defendant maintained time records with regard to Plaintiff's work cannot weigh in Defendants' favor even if it also cannot benefit Plaintiff's position under the governing test. *See id.* at 357. Accordingly, the Court concludes that there is not a legally sufficient evidentiary basis for a reasonable jury to find for Defendants on the question of whether Plaintiff was an employee of Guillermo Aleman as well as Aleman Construction, Inc.

Accordingly, Plaintiff's Rule 50(a) motion is GRANTED, and the Court directs judgment as a matter of law in Plaintiff's favor on the issue of whether Plaintiff was an employee of Guillermo Aleman as well as Aleman Construction, Inc. and whether, where Guillermo Aleman was Plaintiff's employer for FLSA purposes, Defendant Guillermo Aleman may also be liable for any unpaid overtime pay under the FLSA.

SO ORDERED.

DATED: August 12, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE