ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 13 2013

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

| | | |
|---|---|---|
| LEOPOLDO RIVERA HERNANDEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:10-cv-2229-BN |
| ALEMAN CONSTRUCTION, INC., AND GUILLERMO ALEMAN, | § § § § | |
| Defendants. | § § | |

## JURY CHARGE AND VERDICT FORM

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the attorneys' closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions.

In the verdict form that I will give you and will describe in a few minutes, answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

-1-

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact or whether there was evidence that, at some other time, the witness said or did something, or failed to say or do something, that was different from the testimony that the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or only with an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

As I previously explained to you, there are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to memory. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## STIPULATIONS OF FACT

The parties have agreed, or stipulated, that:

1. Leopoldo Rivera Hernandez worked for Defendants from April 2004 until October 15, 2010. During that entire period of time, he worked as a construction worker, and his pay rate was $10.00 per hour.

2. Guillermo Aleman is the President of Aleman Construction, Inc. He owns it and ran the company on a day to day basis. He could terminate employees at will.

3. Guillermo Aleman hired Plaintiff, paid him, and set his salary.

4. Defendants controlled the details of Plaintiff's work and provided him with the tools, materials, and equipment that he used.

5. Aleman Construction, Inc. had gross receipts or business done in excess of $500,000.00 in 2007, 2008, 2009, and 2010.

6. Aleman Construction, Inc. and Guillermo Aleman were familiar with the overtime laws for at least five years before June of 2011. Guillermo Aleman took no steps to see whether or not he was paying the Plaintiff properly under the law.

7. Plaintiff provided unskilled labor that did not require education or experience in any particular field.

8. Defendants did not pay Plaintiff for any of his travel time from the job sites to the Company yard.

9.    The Court has jurisdiction under the Fair Labor Standards Act to determine Plaintiff's overtime claims. The parties stipulate that Defendant Aleman Construction, Inc. grossed over $500,000 annually for the relevant time period and that Defendants' business significantly affected interstate commerce for the relevant time period so that their business and Plaintiff's work for them is covered under the Fair Labor Standards Act.

10.   Defendants did not maintain time records with regard to Plaintiff's work.

11.   The parties stipulate Aleman Construction, Inc. grossed over $500,000 annually for relevant time period significantly affecting interstate commerce.

This means that both sides agree that each of the above statements is a fact. You must therefore treat these facts as having been proved.

## ELEMENTS OF PLAINTIFF'S CLAIM UNDER THE
## FAIR LABOR STANDARDS ACT (29 U.S.C. § 216)

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of time-and-a-half overtime pay. Plaintiff Leopoldo Rivera Hernandez alleges that the defendants, Aleman Construction, Inc. and Guillermo Aleman, did not pay him legally required overtime pay.

Plaintiff must prove by a preponderance of the evidence that the defendant or defendants failed to pay Plaintiff overtime pay required by law.

If, after considering all of the evidence, you find that Plaintiff has failed to prove this element of his claim as to each defendant, your verdict must be for that defendant.

But, if you find that Plaintiff has proved by a preponderance of the evidence this element of his claim as to a particular defendant, then your verdict must be for Plaintiff as to his claim against that defendant, and you must determine the damages that Plaintiff is entitled to recover.

Plaintiff must also prove (1) either that Plaintiff's work was engaged in commerce or in the production of goods for commerce or that Aleman Construction, Inc. employed at least two persons and was engaged in commerce or the production of goods for commerce and (2) that Aleman Construction, Inc. had annual gross sales of at least $500,000 in 2007, 2008, 2009, and 2010. But, based on the parties' stipulations, there is no question for you to decide regarding this element of Plaintiff's claim.

Plaintiff must also prove that Plaintiff was an employee of one or both Defendants Aleman Construction, Inc. and Guillermo Aleman during the time period involved. However, as a matter of law, the Court has already ruled that Plaintiff was an employee of both Defendant Aleman Construction, Inc. and Guillermo Aleman during the time period involved. Therefore, there is no longer a disputed question of fact

## FAILURE TO PAY REQUIRED OVERTIME ISSUES

You will be asked to determine whether one or both defendants failed to pay Plaintiff overtime pay required by law. To prevail on this element of his claim, Plaintiff must prove by a preponderance of the evidence that he has in fact performed work for which the defendant or defendants have not paid him overtime pay as required by law. The law requires that an employer pay its employees at least one and one-half times their regular rate for overtime work.

To make the determination whether Plaintiff has in fact performed work for which the defendant or defendants have not paid him overtime pay as required by law, I am instructing you that, under the Fair Labor Standards Acts, it is employer's responsibility to keep records of hours worked by employees. Where the employer's records of work time are inaccurate or completely missing, and the employee cannot offer convincing substitutes, the employee has carried out his burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.

If you determine that one or both defendants failed to pay Plaintiff overtime pay as required by law, you will be asked to determine the number of overtime hours that Plaintiff worked for which he was not paid and the total amount of damages that he should be awarded as unpaid overtime pay.

To determine the number of overtime hours that Plaintiff worked for which he was not paid, you should consider the following rules that govern what constitutes "work" under the Fair Labor Standards Act:

- Time spent by an employee that was primarily for the benefit of the employer or the employer's business constitutes compensable hours worked if the employer knew or should have known that the work was being performed. But, if the employer otherwise knew or should have known that the work was being performed, Plaintiff is not required to show that he complained to Defendants or his supervisor about any unpaid work before he may recover.
- Travel from an employer-designated location to the workplace is compensable under the Fair Labor Standards Act if that travel constitutes a part of the employee's principal activity. The term "principal activity" includes activities performed as part of the regular work of the employees in the ordinary course of business and the work is necessary to the business and is performed by the employees, primarily for the benefit of the employer.

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid.

Where, as here, the plaintiff was paid on an hourly basis, to calculate how much overtime pay was owed to Plaintiff for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. A defendant failed to pay the plaintiff the required overtime pay if the defendant paid him less than that amount.

An employee's regular rate is the basis for calculating any overtime pay due the employee. The regular rate for a week is normally determined by dividing the first 40 hours worked into the total wages paid for those 40 hours.

## DETERMINING THE PERIOD OF TIME FOR PLAINTIFF'S OVERTIME PAY CLAIM

If you determine that one or both defendants failed to pay Plaintiff overtime pay as required by law, you will also be asked to decide whether the defendant knew that, or showed reckless disregard for whether, the Fair Labor Standards Act prohibited the defendant's conduct. Your answer determines the period of time for which Plaintiff may recover any unpaid overtime pay required by law.

If you determine that Plaintiff is entitled to damages, Plaintiff is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit (November 4, 2010) — unless you find that the employer either knew or showed reckless disregard for whether the Fair Labor Standards Act prohibited the employer's conduct. If you find that the employer knew that, or showed reckless disregard for whether, the Fair Labor Standards Act prohibited its conduct, then Plaintiff is entitled to recover lost wages from date of your verdict back to no more than three years before he filed this lawsuit (November 4, 2010). Here, however, Plaintiff's work at issue ended on October 15, 2010, so you will only be asked to consider any unpaid overtime pay required by law for hours worked through that date.

## EMPLOYEE'S RIGHTS TO OVERTIME PAY REGARDLESS OF CONTRACTUAL WAIVERS OR IMMIGRATION STATUS

An individual employee's rights to overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee. You heard evidence that Plaintiff may have signed certain contractual documents with one or more of the defendants. But, because the Court has determined, as a matter of law, that Plaintiff was, as a matter of economic reality, an employee of both Defendants, you must not use any evidence of any contract that Plaintiff may have had with one or both defendants to determine that Plaintiff is not entitled to recover any unpaid overtime pay to which he would otherwise – but for the existence of a contract – be entitled under the Fair Labor Standards Act based on the rules and standards that I have described. For purposes of the Fair Labor Standards Act, a worker who is, as a matter of economic reality, an employee cannot contractually waive or give up the overtime pay rights under the Fair Labor Standards Act that go with his employee status.

You heard some testimony regarding Plaintiff's immigration status. Under the Fair Labor Standards Act, an employer still must pay an employee overtime wages regardless of the employee's citizenship, immigration, or naturalization status. Therefore, you may not use any testimony that you heard regarding Plaintiff's citizenship, immigration, or naturalization status to deny Plaintiff damages for overtime wages if you find that he was not paid overtime wages required by the Fair Labor Standards Act.

# VERDICT FORM

Do you find from a preponderance of the evidence:

1.   That ALEMAN CONSTRUCTION, INC. failed to pay LEOPOLDO RIVERA HERNANDEZ overtime pay required by law?

Answer: (Yes or No) __Yes__

2.   That GUILLERMO ALEMAN failed to pay LEOPOLDO RIVERA HERNANDEZ overtime pay required by law?

Answer: (Yes or No) __No__

If you answered "No" to both Question No. 1 and Question No. 2, this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes" to Question No. 1, then you must answer Question No. 3, and, if your answer is "Yes" to Question No. 2, then you must answer Question No. 4. If your answer is "Yes" to either (or both) of Question No. 1 and Question No. 2, then you must also answer Question No. 5.

3.   That ALEMAN CONSTRUCTION, INC. knew that, or showed reckless disregard for whether, the Fair Labor Standards Act prohibited its conduct in failing to pay LEOPOLDO RIVERA HERNANDEZ overtime pay required by law?

Answer: (Yes or No) __Yes__

4.   That GUILLERMO ALEMAN knew that, or showed reckless disregard for whether, the Fair Labor Standards Act prohibited his conduct in failing to pay LEOPOLDO RIVERA HERNANDEZ overtime pay required by law?

Answer: (Yes or No) _____

If you answered "No" to both Question No. 3 and Question No. 4, then you should answer Question No. 5D for the period from

-12-

November 4, 2008 to October 15, 2010 and should answer Question Nos. 5B and 5C but not Question No. 5A. But, if you answered "Yes" to Question No. 3 or Question No. 4, then you should answer Question No. 5D for the period from November 4, 2007 to October 15, 2010 and should answer Question Nos. 5A, 5B, and 5C.

5A.  What is the number of overtime hours worked by LEOPOLDO RIVERA HERNANDEZ for ALEMAN CONSTRUCTION, INC. between November 4, 2007 to November 3, 2008 for which he was not paid but for which he was required by law to be paid? ___520___

5B.  What is the number of overtime hours worked by LEOPOLDO RIVERA HERNANDEZ for ALEMAN CONSTRUCTION, INC. between November 4, 2008 to November 3, 2009 for which he was not paid but for which he was required by law to be paid? ___520___

5C.  What is the number of overtime hours worked by LEOPOLDO RIVERA HERNANDEZ for ALEMAN CONSTRUCTION, INC. between November 4, 2009 to October 15, 2010 for which he was not paid but for which he was required by law to be paid?
___490___

5D.  Based on your answers to Question Nos. 5B and 5C and (if you answered it) 5A, what is the total amount of overtime pay that should be awarded to LEOPOLDO RIVERA HERNANDEZ as required by law? $_22,900.00_

SO SAY WE ALL.

_____
JURY FOREPERSON

_8/13/2013_
DATE

-13-

# COURT'S FINAL INSTRUCTIONS TO THE JURY

When you retire to the jury room to deliberate on your verdict, you each may take a copy of this charge with you, and I will have sent back the exhibits that the Court has admitted into evidence. Once in the jury room, please select your Foreperson and conduct your deliberations.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. But do not give up your honest beliefs solely because the others think differently or merely to finish the case.

Remember that in a very real way you are judges – judges of the facts in this case. Your only interest is to seek the truth from the evidence in the case.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the Court Security Officer, who will bring it to me. I will then respond as promptly as possible by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

-14-

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website, such as Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. If you become aware of another juror's violation of these instructions, I expect that you will inform me as soon as you become aware of the juror's violation.

You may not use any means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence that you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. If a juror violates these restrictions, it could cause a mistrial, which would require the entire trial process to start over.

After you have reached a verdict, except insofar as the Court may poll each of the jurors in open court after receiving your verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. In fact, the Court's rules provide that a party, attorney, or representative of a party or attorney shall not, before or after trial, contact any juror or the relatives, friends, or associates of a juror, unless explicitly permitted to do so by the presiding judge.

You may now retire to the jury room to conduct your deliberations.

DATED: August 13, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE