UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Leopoldo Rivera Hernandez, et al.** | § | |
| | § | |
| v. | § | Cause No. 3:10-CV-2229-BN |
| | § | |
| | § | |
| **Aleman Construction, Inc., et al.** | § | |
| | § | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW

Plaintiff, Leopoldo Rivera Hernandez ("Plaintiff" or "Hernandez") files this Response to the Renewed Motion for Judgment as a Matter of Law (**D.E. 95**) ("Motion") filed by Defendant Aleman Construction Inc. ("ACI") and would show the Court as follows:

Introduction

1. August 12, 2013, at the close of the evidence, Plaintiff and Defendants Aleman Construction, Inc. and Guillermo Aleman orally moved for judgment as a matter of law under Fed. R. Civ. P. 50(a) on the issue of whether Plaintiff was an employee of Guillermo Aleman ("Aleman") as well as Aleman Construction, Inc. and the issue of whether Guillermo Aleman was Plaintiff's employer for FLSA purposes. On that same day, the Court denied Defendants' motion for judgment as a matter of law and granted Plaintiff's motion for judgment as a matter of law. (**D.E. 87**)

2. Contrary to the Motion, the issues determined by the Court were not submitted to the jury, the trial ended August 13, 2013 with the jury returning a verdict in favor of the Plaintiff, (**D.E. 90**), and the Court has not entered judgment.

3. The Court ordered that the parties file post-trial motions by September 10, 2013

4. (**D.E. 92**), and responses by September 30, 2013. (**D.E. 97**). This Response is filed in advance if that deadline.

4. The Motion, on its face is made by the Defendant ACI only, and not Aleman, and neither Defendant has moved the Court for reconsideration of the Court's order granting Plaintiff's motion for judgment as a matter of law.

5. The sole basis of the Motion and ACI's argument is that Plaintiff, an illiterate man who cannot speak English and can neither read nor write in any language, was an independent contractor as evidenced by contractual papers and tax documents that were previously considered at length when the Court denied the Defendants' motions made at trial and granted Plaintiff's motion on the issue of whether Plaintiff was an employee of Guillermo Aleman ("Aleman") as well as Aleman Construction, Inc., (**D.E. 87** pp. 5-6, 9), and Plaintiff's testimony at trial as mischaracterized by Defendant that does not contradict the stipulated facts and which was also considered by the Court in issuing its Order of August 12, 2013.

6. Defendants make no argument and have not moved the Court for judgment as a matter of law on the issue of whether Guillermo Aleman was Plaintiff's employer for FLSA purposes in ACI's Motion. (**D.E.** 95)

## The Legal Standard - Judgment as a Matter of Law

7. As this Court rightly stated in its Order denying Defendants' motion for judgment as a matter of law made at trial (**D.E. 87**), "Rule 50(a) judgment as a matter of law is proper where there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. See *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). The Court must draw all reasonable

inferences in favor of the non-moving party. See *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990). More specifically, the Court should give credence to the evidence favoring the non-moving party and any uncontradicted or unimpeached evidence supporting the moving party, to the extent such evidence comes from disinterested witnesses. See *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S.133, 151 (2000). "A rule 50(a) motion for judgment as a matter of law is properly granted if the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not have arrived at a contrary verdict," and the Court must "not make credibility determinations or weigh the evidence." *Homoki v. Conversion Services, Inc.,* 717 F.3d 388, 395 (5th Cir. 2013)". (**D.E. 87** p.2)

8. In short, "A motion for judgment as a matter of law is appropriate when, on reviewing the entire record, there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party on an issue. *DP Solutions, Inc. v. Rollins, Inc.,* 353 F.3d 421, 427 (5th Cir.2003).

**The Court should deny Defendant's Renewed Motion for Judgment as a Matter of Law**

    **a.**    **The facts as stipulated and the evidence presented at trial provide a sufficient basis for a reasonable jury to determine that Defendants, ACI and Aleman were Plaintiff's employers.**

9. Again as the Court rightly stated in the Order of August 12, 2013, "[t]he determination of whether a worker qualifies as an employee for purposes of the FLSA requires consideration of whether, as a matter of economic reality, the worker was economically dependent upon the business to which he rendered his services or was instead in business for himself – that is, whether Plaintiff, as a

matter of economic reality, was dependent for his continued employment on his relationship with his alleged employers. *See Hopkins v. Cornerstone Am.,* 545 F.3d 338, 343 (5th Cir. 2008); *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1054 (5th Cir. 1987). **(D.E.** p.3 ) "To make this determination, the United States Court of Appeals for the Fifth Circuit has long mandated the consideration of the following factors, based on all the evidence in the case: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss was determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." See *Hopkins*, 545 F.3d at 343; *Robicheaux v. Radcliff Material, Inc.,* 697 F.2d 662, 666 (5th Cir. 1983). **(D.E. 87** p.3) "A determination of employee or independent contractor status, while considering these factors, requires a consideration of all the evidence presented regarding the circumstances surrounding the work relationship that Plaintiff had with Aleman Construction, Inc. and with Guillermo Aleman. See *id*. No single factor determines the outcome. See *Hopkins*, 545 F.3d at 343. Each of the factors is a tool to be used to gauge the economic dependence of the alleged employee, and each factor must be applied with this ultimate concept in mind: whether, as a matter of economic reality, Plaintiff was economically dependent upon his alleged employers or was instead in business for himself. See *id*. **(D.E. 87** pp.3-4) "These factors are not exhaustive, nor can they be applied mechanically to arrive at a final determination of employee status. Rather, they must always be aimed at an assessment of the 'economic dependence' of the putative employees,

the touchstone for this totality of the circumstances test." *Brock*, 814 F.2d at 1043. (**D.E. 87** p.4)

10. The Parties stipulated that (1) Leopoldo Rivera Hernandez worked for Defendants from April 2004 until October 15, 2010; (2) During that entire period of time, he worked as a construction worker, and his pay rate was $10.00 per hour; (3) Guillermo Aleman hired Plaintiff, paid him, and set his salary; (4) Defendants controlled the details of Plaintiff's work and provided him with the tools, materials, and equipment that he used; and (5) Plaintiff provided unskilled labor that did not require education or experience in any particular field. (**D.E. 84** p. 3)  Further as the Court determined "[t]hese stipulated facts, which a reasonable jury could find weigh in favor of finding employee status for purposes of the FLSA, coupled with the testimony of Plaintiff, Defendant Guillermo Aleman, and Hector Martinez at trial, dictate that judgment as a matter of law cannot be entered for Defendants on this issue." (**D.E. 87** p. 5)

11. Moreover the Form 1099, contract documents, tax documents and testimony briefly referenced in the Motion do not resolve the independent contractor issue in Defendant's favor under the governing Fifth Circuit law.  The test is - economic reality and tax returns and contract documents are not dispositive.  See **D.E. 87** pp. 5-6 and cases cited therein.

12. For all of the reasons set out herein and in the Court's Order (D.E. 87) Defendant's Motion must be denied.

    **b. The facts as stipulated and the evidence presented at trial support the Court's granting Plaintiff's Motion for Judgment as a matter of law that Defendants, ACI and Aleman were Plaintiff's employers.**

13. The Motion does not question the Court's ruling on Plaintiff's motion for judgment as a matter on the issue of whether or not Defendants were Plaintiff's employers and have pointed to no error associated with it. Defendants have therefore waived a contrary position with regard to that ruling. The Court concluded, having heard all the evidence at trial and considering the parties' stipulated facts, "that there is not a legally sufficient evidentiary basis for a reasonable jury to find for Defendants on the question of whether Plaintiff was an employee or an independent contractor. As to the five factors dictated by Fifth Circuit precedent, there is no evidence that would weigh in favor of finding independent contractor status." **(D.E. 87** pp.7-8) That unchallenged ruling in and of itself, is determinative as to the Motion brought by ACI and the Motion must be denied.

    **c. The facts as stipulated and the evidence presented at trial support the Court's granting Plaintiff's Motion for Judgment as a matter of law that Aleman was Plaintiff's employer for FLSA purposes**.

14. The Motion does not question the Court's ruling on Plaintiff's motion for judgment as a matter on the issue of whether or not Aleman was Plaintiff's employer for FLSA purposes and Defendants have pointed to no error associated with it. Defendants have therefore waived a contrary position with regard to that ruling. Consequently, the Court's conclusion, based upon the parties' stipulated facts and the uncontroverted evidence at trial "that there is not a legally sufficient evidentiary basis for a reasonable jury to find for Defendants on the question of

whether Plaintiff was an employee of Guillermo Aleman as well as Aleman Construction, Inc., " **(D.E. 87** p. 13) and that the evidence established Aleman's operational control over employees within Aleman Construction, Inc., including Plaintiff, stands unchallenged and determinative of Plaintiff's employment status such that the Motion must be denied.

### Conclusion & Prayer

For these reasons, Plaintiffs respectfully request that the Court deny Defendant's Renewed Motion for Judgment as a Matter of Law, and grant Plaintiff all such other relief that the Court deems just.

Respectfully submitted,

By:  /s/ Robert L. Manteuffel
Robert L. Manteuffel
Texas Bar No. 12957529
J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   972-233-2264
Fax:   972-386-7610
E-mail address: rlmanteuffel@sbcglobal.net
**Counsel for Plaintiff**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 30th day of September, 2013.

/s/ Robert L. Manteuffel
Robert L. Manteuffel
Counsel for the Plaintiff(s)