IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEOPOLDO RIVERA HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:10-cv-2229-BN |
| | § | |
| ALEMAN CONSTRUCTION, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Three post-trial motions are currently pending before the court: (1) Plaintiff's

Motion for Imposition of Liquidated Damages and Entry of Judgment [Dkt. No. 94]; (2)

Plaintiff's Verified Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. § 216(b)

[Dkt. No. 96]; and (3) Defendant's Renewed Motion for Judgment as a Matter of Law[1]

[Dkt. No. 95] (the "Post-trial Motions"). The Post-trial Motions are now fully briefed

and ready for determination. For the reasons set forth below, Plaintiff's Motion for

Imposition of Liquidated Damages and Entry of Judgment [Dkt. No. 94] is GRANTED;

Plaintiff's Verified Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. § 216(b)

[Dkt. No. 96] is GRANTED to the extent set forth below; and Defendant's Renewed

Motion for Judgment as a Matter of Law [Dkt. No. 95] is DENIED.

---

[1] Although the same counsel represents two defendants in this action, the motions and responses filed are often filed only on behalf of one defendant, generally Aleman Construction, Inc. Therefore, at times the Court will refer to "Defendant Aleman Construction," and at other times, as appropriate, the Court will reference "Defendants."

## Background

Plaintiff Leopoldo Rivera Hernandez brought a claim under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages against Defendants Aleman Construction, Inc. ("Aleman Construction") and Guillermo Aleman ("Aleman"). A jury trial commenced on August 12, 2013. At the close of Plaintiff's evidence, Plaintiff and Defendants each orally moved for judgment as a matter of law under Fed. R. Civ. P. 50(a) on the issue of whether Plaintiff was an independent contractor or employee of Defendants. The Court granted Plaintiff's Motion for Judgment as a Matter of Law and determined that both Aleman Construction and Aleman were employers of Plaintiff, meaning that Plaintiff was an employee, rather than an independent contractor. *See* Dkt. No. 87.

After the close of Defendants' case, the remaining issues were submitted to the jury for determination. On August 13, 2013, the jury returned a verdict finding that Defendant Aleman Construction failed to pay Plaintiff overtime pay required by law and that it knew, or showed reckless disregard for whether, the FLSA prohibited such conduct and awarded Plaintiff $22,900. *See* Dkt. No. 90. However, the jury answered in the negative the question as to whether "Guillermo Aleman failed to pay Leopoldo Rivera Hernandez overtime pay required by law." Dkt. No. 90 at 12.

The parties then filed the Post-trial Motions, which are now fully briefed and ready for determination.

## I.      Plaintiff's Motion for Imposition of Liquidated Damages and Entry of Judgment [Dkt. No. 94]

Liquidated Damages

In cases of FLSA violations, the FLSA provides for actual damages in unpaid overtime as well as an "additional equal amount as liquidated damages." 29 U.S.C. § 216(b). A district court may decline to award liquidated damages if the court finds that the employer "acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA" pursuant to Section 260 of the FLSA. *Singer v. City of Waco*, 324 F.3d 813, 822-823 (5th Cir. 2003) (internal quotations and citations omitted). In an order dated August 14, 2013, the Court explained that it would not consider any Section 260 defense in this case because the jury found willfulness as to Defendant Aleman Construction when it determined that Defendant Aleman Construction failed to pay Plaintiff overtime pay required by law. *See* Dkt. No. 93 (citing *Singer*, 324 F.3d at 823) ("In this case, the jury found the City's action to be willful. As a result, the City could not show that it acted in good faith."); *accord Black v. SettlePou, P.C.*, No. 12-10972, ___ F.3d ___, 2013 WL 5612304, at *6 (5th Cir. Oct. 11, 2013) ("Because the jury found that SettlePou had acted willfully in violating the FLSA, SettlePou cannot show that it acted in good faith. Therefore, a liquidated damages award is warranted.").

Defendants make no arguments in their Response other than to urge the good faith defense. Because the Court has already explained that it will not consider such a defense, Plaintiff's Motion for Imposition of Liquidated Damages is GRANTED. The jury's award of $22,900.00 for Plaintiff should be liquidated and doubled to $45,800.00.

Joint and Several Liability

Plaintiff also moves the Court to enter judgment against Defendants Aleman Construction and Aleman, jointly and severally. The Court has already determined that Defendant Aleman was Plaintiff's employer. *See* Dkt. No. 87 at 12-13. However, the jury answered in the negative the question as to whether "Guillermo Aleman failed to pay Leopoldo Rivera Hernandez overtime pay required by law." Dkt. No. 90 at 12.

Nevertheless, the "overwhelming weight of authority" holds that an employer is jointly and severally liable under the FLSA for unpaid wages. *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984); *see also Lee v. Coahoma Cnty, Mississippi*, 937 F.2d 220, 226 (5th Cir. 1991) ("If an individual with managerial responsibilities is deemed an employer under the FLSA, the individual may be jointly and severally liable for damages resulting from the failure to comply with the FLSA."), *modified on other grounds*, 37 F.3d 1068 (5th Cir. 1993); *Moreno v. Edcare Mgmt*, 243 F.R.D. 258, (W.D. Tex. 2007) ("All entities that are employers within the meaning of the FLSA are jointly and severally liable for all damages that stem from failure to comply with the provisions of the FLSA.") (citing cases). Because Defendant Aleman is an employer under the FLSA, he is jointly and severally liable with Defendant Aleman Construction for Plaintiff's damages resulting from Defendant Aleman Construction's failure to pay Plaintiff overtime pay required by law in violation of the FLSA.

## II.   Defendant's Renewed Motion for Judgment as a Matter of Law [Dkt. No. 95]

Defendant Aleman Construction renews its motion for judgment as a matter of law. Defendant Aleman Construction argues that the evidence is legally insufficient to support the verdict rendered by the jury because the evidence demonstrates that Plaintiff was an independent contractor. The Court notes that the issue of whether Plaintiff was an employee or independent contractor was decided by the Court on Plaintiff's Motion for Judgment as a Matter of Law, rather than by the jury. *See* Dkt. No. 87. In any case, in support of its argument, Defendant Aleman Construction states that:

> The plaintiff executed an[] "Independent Contractor Agreement[,]" received the Internal Revenue Service's form 1099 evidencing agreement to 'maintain liability for all tax' consequences attendant to his agreement and file his tax returns. Plaintiff['s] testimony under oath indicated that he has been consciously and deliberately dishonest[] with Federal Agencies such as Internal Revenue Service as well as U.S. Citizenship and Immigration Services.

Dkt. No. 95 at 2.

The above-quoted paragraph contains Defendant Aleman Construction's entire recitation of the evidence in support of its motion. Defendant Aleman Construction has raised no facts or legal arguments in addition to those before the Court when it decided Defendants' initial motion for judgment as a matter of law. *See* Dkt. No. 87 at 3-10. As this Court previously stated:

> To the extent that Defendants assert that this issue is conclusively resolved in their favor based on evidence that Plaintiff was the subject of Form 1099s or other tax returns reflecting independent contractor status and that Plaintiff signed contractual papers reflecting that he was an

independent contractor, that argument fails under the governing Fifth Circuit law. The content of a plaintiff's tax returns can be relevant to this analysis as to, for example, the degree to which the plaintiff worker's opportunity for profit and loss is determined by the alleged employer. *See Carrell v. Sunland Const., Inc.*, 998 F.2d 330, 333-34 (5th Cir. 1993). Likewise, the Fifth Circuit has held that the fact that a worker signed contracts stating that he was an independent contractor, while relevant, is not dispositive. *See Robicheaux*, 697 F.2d at 667. But the fact that workers "listed themselves as self-employed on their tax returns ... does not tip the balance in favor of independent contractor status where ... the economic realities of the situation indicate that the employee depended upon the employer for his livelihood, as tested by the" five factors listed above. *Id.*; *see also Usery v. Pilgrim Equipment Co., Inc.*, 527 F.2d 1308, 1315 (5th Cir. 1976) ("Neither contractual recitations nor subjective intent can mandate the outcome in these cases. Broader economic realities are determinative." (footnotes omitted)). In this context, "[a] person's subjective opinion that he is a businessman rather than an employee does not change his status." *Robicheaux*, 697 F.2d at 667. And the Fifth Circuit has long made clear that "facile labels and subjective factors are only relevant to the extent that they mirror 'economic reality.'" *Brock*, 814 F.2d at 1044. Thus, "it is legally possible to be an employee for purposes of the FLSA and an independent contractor under most other statutes," and, further, "it is clearly possible for [a worker] to be an employee under the FLSA even if he *actually believes* himself to be an independent contractor." *Hopkins*, 545 F.3d at 347.

*Id.* And, in granting Plaintiff's Motion for Judgment as a Matter of Law and determining that Plaintiff was an employee of Defendants, the Court noted that all five factors dictated by Fifth Circuit precedent for determining employer versus independent contractor status supported a holding that Plaintiff was an employee. *See id.* at 8.

Therefore, for the same reasons already articulated by this Court, including in the Court's August 12, 2013 Order [Dkt. No. 87] (which the Court incorporates in full here by reference), Defendant Aleman Construction's Renewed Motion for Judgment as a Matter of Law [Dkt. No. 95] is DENIED.

### III.     Plaintiff's Verified Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. § 216(b) [Dkt. No. 96]

Under the FLSA, an employer who violates the statute is also required to pay attorney's fees. *See* 29 U.S.C. 216(b) ("The court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant...."); *Singer*, 324 F.3d at 829 n.10. "This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender. v. Zapata P'ship, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994)); *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) ("[W]e use the lodestar method to calculate an appropriate attorney's fee award under the FLSA."). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking reimbursement of attorney's fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

After calculating the lodestar, the Court may either (1) accept the lodestar figure

or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).[2] However, the lodestar is presumed to be reasonable and should only be modified in exceptional cases. *See Watkins,* 7 F.3d at 457. The most important *Johnson* factor is the degree of success obtained. *See Roussell v. Brinker Intern., Inc.*, 441 F. App'x 222, 233 (5th Cir. 2011).

Plaintiff claims fees in the amount of $74,055.00 and costs and expenses in the amount of $4,288.13. Plaintiff asserts that attorneys and a paralegal billed a total of 243.75 hours on this case. As support for time billed by attorneys, Plaintiff submits a ledger that provides the date, a time entry with a description of the work performed, which lawyer performed the work, and the lawyer's hourly billable rate. *See* Dkt. No. 96-1 (Exhibit A). As support for time billed by the firm's paralegal, Rosa Owens, Plaintiff submits an affidavit by Owens and a ledger setting forth the date, a description of the work performed, and the number of hours billed. *See* Dkt. No. 19-2

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

(Exhibit B). The hourly rates of the attorneys who billed time to this matter range from $250 to $350. *See* Dkt. No. 96 at 3. The hourly rate of Owens is $90. The exhibits filed by Plaintiff meet his initial burden to submit adequate documentation of the hours reasonably expended. *See Watkins*, 7 F.3d at 457. The time entries submitted do not appear to be excessive or duplicative upon the Court's review.

In support of the hourly rates requested for J.H. Zidell and Robert Manteuffel, who billed by far the most hours to this case, Plaintiff cites to a recent decision in the Northern District of Texas that determined that $350 was a reasonable hourly rate for both Zidell and Manteuffel for work performed on a FLSA case. *See Martinez v. Maristan d/b/a Lumar Co.*, No. 3:13-cv-455-K [Dkt. No. 14] (N.D. Tex. Aug. 29, 2013). Plaintiff cites to two additional decisions in the Northern District of Texas that determined that $350 was a reasonable hourly rate for Manteuffel and $325 was a reasonable hourly rate for Zidell (where, in each of those cases, Zidell requested a rate of $325). Both Zidell and Manteuffel are experienced attorneys specializing in FLSA litigation. Based on Zidell's and Maneuffel's experience, and the fact that the evidence demonstrates that the hourly rate charged by Manteuffel and Zidell is within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of Plaintiff's counsel for the services performed in cases of this nature, the Court determines that $350 is a reasonable hourly rate for both Zidell and Manteuffel.

Plaintiff requests an hourly rate of $300 for several other attorneys who worked on the case in its early stages – Karl David Kelly, Carl Smart, and Christopher Hutson.

Dkt. No. 96 at 3. As to these attorneys, Plaintiff does little to explain their experience or why they are entitled to a rate higher than the median rate of $275 per hour cited by Plaintiff for lawyers practicing in the labor and employment field in the Dallas area. *See id.* at 6 (citing *Young v. Sea Horse Venture IV, LLC*, No. 3:07-cv-1818-M, 2009 WL 614823 (N.D. Tex. Mar. 10, 2009)). Although Plaintiff does cite one decision in this district that awarded Kelly $300 per hour, neither the briefing in the record nor the decision discusses either Kelly's skills and experience or why the requested rate is reasonable. *See Erwin Carias v. KAM Restaurants Inc.*, No. 3:10-cv-1899-P [Dkt. Nos. 15, 20]. Because Plaintiff has failed to demonstrate that $300 is a reasonable hourly rate for Kelly, Smart, and Hutson, these attorneys are limited to the median hourly rate cited by Plaintiff of $275. Because the hourly rate of $250 charged by Daniel Field is lower than the median rate, that requested rate is appropriate. Finally, the Court concludes that the hourly rate of $90 requested by Owens is reasonable in light of her skills and experience and the fact that courts in the Northern District of Texas commonly award paralegals rates of $100 per hour or more. *See Rolex Watch U.S.A., Inc. v. Mills*, No. 3:12-cv-61-L, 2012 WL 5903782, at *5-*6 (N.D. Tex. Nov. 26, 2012) (awarding fees of $125 per hour for a paralegal); *Fralick v. Plumbers and Pipefitters Nat. Pension Fund,* No. 3:09-cv-752-D, 2011 WL 487754, at *1 n.3 (N.D. Tex. Feb. 11, 2011) (finding hourly rate of $100 reasonable for paralegal); *EsNtion Records, Inc. v. Triton TM, Inc.*, No. 3:07-cv-2027-L, 2010 WL 3446910, at *3 (N.D. Tex. Aug. 31, 2010) (accepting $125 per hour rate for paralegal without further discussion where parties did not dispute rate).

The lodestar figure for attorneys' fees (including paralegal fees) in this case is therefore $73,431.25, and the Court concludes that this figure is reasonable. Were the Court to look to the *Johnson* factors, these factors further support the reasonableness of the attorney fee award, based on the fact that Plaintiff was successful in his only claim against Defendant Aleman Construction and that the jury awarded Plaintiff essentially the full amount that he sought. Additionally, as discussed above, the Court determined that Defendant Aleman was subject to joint and several liability with Defendant Aleman Construction.

Defendant Aleman Construction challenges the attorney's fees sought because the "'client ledger' is manifestly illegible and undecipherable" and the "number of the attorneys billing rate of ranging from $250/hr to $350/hr is undoubtedly further than of the pale." Dkt. No. 99 at 2. Defendant Aleman Construction also argues that the "veil attempt to persuade this court that the 'Lodestar Method' is appropriate under FLSA is fundamentally misguided. The maximum amount the court should consider awarding is $20,500.00." *Id.* at 2-3. Defendant Aleman Construction fails to cite any authority or other evidence beyond the exhibits submitted by Plaintiff. Nor does Defendant Aleman Construction explain which time entries provided in the ledger (Exhibit A) are allegedly illegible and indecipherable. Although Defendant Aleman Construction objects to the hourly rates requested, Defendant Aleman Construction provides no citations, evidence, or even suggestions as to what a reasonable hourly rate might be. Nor does Defendant Aleman Construction explain why – in contravention of Fifth Circuit precedent – the lodestar method is inappropriate for attorneys' fees

awards under the FLSA.

Defendant Aleman Construction also takes issue with the affidavit submitted by Owens (Exhibit B), claiming that it is a "gueste-mate." Dkt. No. 99 at 2. The Court has reviewed the affidavit, and there is nothing to indicate that the affidavit is based on anything other than Owens's personal knowledge.

As for Defendant Aleman Construction's contention that the Court should not consider an award over the amount of the judgment, the fee award need not be precisely proportionate to the result obtained. *See Hilton v. Executive Self Storage Associates, Inc.,* No. H-06-2744, 2009 WL 1750121, at 8 (S.D. Tex. June 18, 2009). "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Powell v. Carey Int'l., Inc.,* 547 F. Supp. 2d 1281, 1286 (S.D. Fla. 2008).

Finally, Plaintiff requests costs in the amount of $4,288.13 pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. Section 1920 provides an enumerated list of items that a court may tax as costs including: fees of the clerk; fees of the court reporter; fees for printing and witnesses; fees for copies necessary for use in the case; docket fees; and compensation for court appointed experts. *See* 28 U.S.C. § 1920. The Supreme Court has ruled that, where an expense is not enumerated in Section 1920, it may be awarded only when explicit statutory authorization to do so can be found in other governing law. *See Mota v. The Univ. of Tex. Houston Health Sci. Ctr.,* 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 444-45 (1987)). In addition, the Supreme Court has held that the term "costs" as used

in Rule 54(d) is defined by Section 1920. *See Crawford Fitting*, 482 U.S. at 441-42.

Some of the costs at issue here – mileage, parking, teleconference fees, postage, private

process servers, mediation fees, and office supplies – are not included in this

enumerated list. *See* 28 U.S.C. § 1920; *see also Mennor v. Fort Hood National Bank*,

829 F.2d 553, 557 (5th Cir. 1987) (concluding that "section 1920 does not regulate

out-of-pocket attorney costs"); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1026,

1045 (5th Cir. 2010) (vacating district court's award of costs in FLSA case for costs not

specifically enumerated by Section 1920, including fees for private process servers,

teleconference fees, and postage); *Marmillion v. Am. Intern. Ins. Co.*, 381 F. App' x 421

(5th Cir. June 16, 2010) (In the Fifth Circuit, "absent exceptional circumstances, the

costs of a private process server are not recoverable under Section 1920."). Plaintiff

provides no additional statutory authorization for these costs.

Although Plaintiff does cite some authority for the proposition that litigation

expenses besides those listed in Section 1920 are recoverable under the FLSA, *see* Dkt.

No. 96 at 13, the Fifth Circuit's decision in *Gagnon* refutes Plaintiff's more expansive

view of recoverable costs. Therefore, the Court rejects Plaintiff's requested costs for

process serving, mediation services, mileage, parking, office supplies, teleconferencing,

and FedEx costs. Plaintiff may recover costs for its filing fee, witness fees, court

reporting/transcripts for depositions, necessary copying costs, and interpreting

services. *See* 28 U.S.C. § 1920. Plaintiff may recover costs in the amount of $2,307.30.

Plaintiff's Motion for Attorney's Fees and Costs [Dkt. No. 96] is GRANTED to

the extent that Plaintiff is awarded $73,431.25 in attorney's fees and $2,307.30 in

costs.

## Conclusion

Plaintiff's Motion for Imposition of Liquidated Damages and Entry of Judgment [Dkt. No. 94] is GRANTED. Plaintiff's Verified Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. § 216(b) [Dkt. No. 96] is GRANTED to the extent that Plaintiff is awarded $73,431.25 in attorney's fees and $2,307.30 in costs. Defendant's Renewed Motion for Judgment as a Matter of Law [Dkt. No. 95] is DENIED.

SO ORDERED.

DATED: November 1, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE