IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEOPOLDO RIVERA HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:10-cv-2229-BN |
| | § | |
| ALEMAN CONSTRUCTION, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER ON WRITS OF GARNISHMENT**

Plaintiff Leopoldo Rivera Hernandez brought a claim under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages against Defendants Aleman Construction, Inc. and Guillermo Aleman. After trial, the Court issued a Judgment that Plaintiff shall recover from Defendants, jointly and severally, damages in the amount of $45,800.00, as well as post-judgment interest at the prevailing legal rate until paid, $73,431.25 in attorney's fees, and $2,307.30 in costs. *See* Dkt. No. 104.

On November 25, 2013 and December 3, 2013, Plaintiff filed requests for the Clerk of the Court to issue a Writ of Garnishment on Bank of America, N.A., as a garnishee to Defendants, and the Clerk issued the writs. *See* Dkt. Nos. 106, 108, 109, & 110. On December 23, 2013, Bank of America, N.A. filed an Answer to Writ of Garnishment. *See* Dkt. No. 111. Neither Plaintiff nor Defendants have responded to the answer.

Plaintiff's effort to seek enforcement of his judgment through garnishment

filings <u>in this same case</u> is understandable but, the Court concludes, misplaced. The Court has an independent duty to examine its own jurisdiction. *See generally Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). Here, Plaintiff has, through a request to the Clerk of the Court, instituted a new proceeding against a third party – Bank of America, N.A. – who was a stranger to this FLSA action and judgment against Defendants. This case is closed, and Plaintiff did not otherwise take steps to join Bank of America, N.A. as a party to this FLSA action – for which the time has long since passed, *see* Dkt. No. 41 – nor does the Court understand Plaintiff to have intended to do so.

Rather, Plaintiff seeks to institute a garnishment proceeding against Bank of America, N.A. in order to collect on Plaintiff's judgment against Defendants. But the United States Court of Appeals for the Fifth Circuit has held that a garnishment action seeking enforcement against third parties who were strangers to the underlying judgment requires the institution of a new proceeding, separate from the primary action that established the judgment debt. *See Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986). "The writ of garnishment, under the clear precedent of [the Fifth Circuit], is an action separate and independent from the action giving rise to the judgment debt." *Id.*

And the Fifth Circuit has further held that this Court does not have "ancillary jurisdiction" over any garnishment proceeding, even though the garnishment is sought to satisfy the earlier judgment entered in the same case. *See id.* As the Court of Appeals explained in later following its *Berry* decision in a bankruptcy matter,

> [*Berry*] dealt with a money judgment previously rendered by the same court in which the judgment creditor was seeking to garnish the judgment debtor's former employer. Moreover, the court in question was a federal district court and thus a court of broader jurisdiction than a bankruptcy court. As in the instant case, the judicial proceeding in which the money judgment was rendered had been completed and was inactive, and the third party against whom the garnishment was sought in the second proceeding had not been a party to the first.

*In re Bass*, 171 F.3d 1016, 1024 (5th Cir. 1999). The Fifth Circuit "held in *Berry* that the district court lacked jurisdiction to entertain the garnishment." *Id.*

This Court is bound by Fifth Circuit precedent to conclude that Plaintiff's writ of garnishment is necessarily an action separate and independent from this action giving rise to the judgment debt and that this Court lacks jurisdiction in this closed action to entertain Plaintiff's attempted garnishment of Bank of America, N.A. as Defendants' bank or, for that matter, Bank of America, N.A.'s request to recover its attorneys' fees and costs. The same basic facts are in play here, where, as in *Berry*, Bank of America, N.A. was a stranger to the underlying FLSA suit and judgment, "the alleged obligations of [Bank of America, N.A.] are completely independent of the primary judgment against" Defendants for FLSA violations, and this case in which the underlying money judgment was rendered had been completed and was inactive at the time that Plaintiff sought the writs of garnishment. *Berry*, 795 F.2d at 455.

The holding and reasoning of *Berry* require the Court to conclude that Plaintiff must initiate a new, separate action for any writ of garnishment on Bank of America, N.A. If that action is to be filed in the United States District Court for the Northern District of Texas, Plaintiff must establish an independent basis for federal subject-

matter jurisdiction over the state-law-based garnishment proceeding, such as diversity jurisdiction under 28 U.S.C. § 1332. *See id.* at 456.

Because a garnishment proceeding against a third party must be instituted as an action separate and independent from this action giving rise to the judgment debt and because the Court lacks jurisdiction in this action to entertain Plaintiff's attempted garnishment of Bank of America, N.A., the Court ORDERS that the writs of garnishment issued on Bank of America, N.A. by the Clerk of the Court in this case are dissolved.

SO ORDERED.

DATED: January 29, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE