IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEOPOLDO RIVERA HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:10-cv-2229-BN |
| | § | |
| ALEMAN CONSTRUCTION, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION ORDER ON MOTION TO WITHDRAW AND MOTION TO COMPEL

Bruce B. McLeod III, counsel for Defendants Aleman Construction, Inc. and Guillermo Aleman, has filed a Motion to Withdraw and three supplements to his motion. *See* Dkt. Nos. 118, 120, 123, & 127. Plaintiff filed a response opposing the Motion to Withdraw. *See* Dkt. No. 129.

Plaintiff also has filed a Motion to Compel the Continuation of the Post-Judgment Deposition of the Defendants and Other Such Relief (the "Motion to Compel"). *See* Dkt. No. 125. Defendants opposed the motion only insofar as the Motion to Compel seeks to require Mr. McLeod to personally produce Defendant Guillermo Aleman at a deposition. *See* Dkt. No. 128.

A hearing was held on both the Motion to Withdraw and the Motion to Compel on April 25, 2014, at which Plaintiff's counsel, Mr. McLeod, and Mr. Aleman were ordered to appear. Mr. Aleman failed to appear at the April 25 hearing. Based on the parties' submissions as well as counsel's representations at the hearing, the Court

GRANTS the Motion to Withdraw [Dkt. No. 118] and GRANTS in part and DENIES in part the Motion to Compel [Dkt. No. 125].

### The Motion to Withdraw

#### Legal Standards

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir.1989). The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *See Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient."). In addition, this Court's local rules provide that, where an attorney seeks to withdraw from a representation and the identity of the succeeding attorney is not known, the attorney seeking to withdraw must file a motion that: (1) specifies the reasons requiring withdrawal; (2) sets forth the client's name, address, and telephone number; and (3) "either bear[s] the client's signature approving withdrawal or state[s] specifically why, after due diligence, the attorney was unable to obtain the client's signature." *See* N.D. TEX. L. CIV. R. 83.12(a).

The decision whether to allow an attorney to withdraw is "entrusted to the sound discretion" of this Court. *Matter of Wynn*, 889 F.2d at 646 (citation omitted). "In the proper exercise of its discretion, the district court must insure that it is aware of the reasons behind the request" for withdrawal. *United States v. Cole*, 988 F.2d 681, 683 (7th Cir.1993). If the Court is not persuaded that good cause for withdrawal exists,

it has substantial latitude to deny an attorney's motion to withdraw. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) ("District courts are due considerable deference in decisions not to grant a motion for an attorney's withdrawal."); *Cole*, 988 F.2d at 683 ("'Unless there is a demonstrated conflict of interests or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion to withdraw.'" (quoting *United States v. Morris*, 714 F.2d 669, 673 (7th Cir. 1983); internal quotation marks and brackets omitted)). This is especially true where, as here, an attorney seeks to withdraw over his client's objection. *See White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010) (citing *Stafford v. Mesnick*, 63 F.3d 1445, 1448 (7th Cir.1995) ("The attorney seeking to withdraw must establish that his client consents or that a valid and compelling reason exists for the court to grant the motion over an objection."); *Streetman v. Lynaugh*, 674 F. Supp. 229, 235 (E.D. Tex.1987) ("[A]n attorney who has once agreed to represent a client should not be permitted to abandon his responsibilities merely because he is unhappy with the nature of the relationship with the client.")).

Even where good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981). This requires the Court to consider certain additional factors before allowing an attorney to withdraw. Those additional factors include: "(1) the extent to which the attorney's withdrawal will

delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *White*, 2010 WL 2473833, at \*3; *see also Dorsey v. Portfolio Equities, Inc.*, No. 3:04-cv-0472-B, 2008 WL 4414526, at \*2 (N.D. Tex. Sept. 29, 2008).

## Analysis

Mr. McLeod moves to withdraw from his representation of Defendants, over Defendants' objections, based on a total breakdown of the attorney-client relationship. *See* Dkt. No. 127, ¶ 11. Based on Mr. McLeod's representations at the hearing, including representations made to the Court *in camera*, the Court is persuaded that Mr. McLeod has established good cause for his withdrawal. Mr. McLeod has also established that he provided reasonable notice of his intent to withdraw to his clients. *See* Dkt. No. 127-2.

The Court is mindful of Plaintiff's arguments, made at the hearing and in his written response, that Plaintiff will be prejudiced and the post-judgment discovery delayed if Mr. McLeod is allowed to withdraw. Nevertheless, the Court is persuaded by Mr. McLeod's representations at the hearing, including those made *in camera*, that any attempts by Mr. McLeod to persuade Defendants to respond to their discovery obligations will be futile. As Mr. McLeod noted at the hearing, Mr. McLeod was unable

to convince Mr. Aleman to appear at the April 25 hearing, even though Mr. Aleman was ordered by the Court to personally appear.

## The Motion to Compel

Defendants do not make any substantive arguments opposing the Motion to Compel, and Mr. McLeod acknowledged at the hearing that Plaintiffs are entitled to depose Mr. Aleman and to production of the documents that Plaintiff seeks. At the hearing, counsel for both parties reported to the Court that Mr. Aleman had previously appeared for a post-judgment deposition but abruptly left the deposition before it was concluded. Plaintiffs counsel has represented, and Mr. McLeod does not dispute, that Mr. Aleman has ignored Plaintiff's attempts to reschedule the deposition.

Defendants Aleman Construction, Inc. and Guillermo Aleman are ORDERED to appear for a deposition at a date, time, and location to be noticed by Plaintiff's counsel, which depositions shall occur no later than **May 30, 2014**. Defendants Aleman Construction, Inc. and Guillermo Aleman are further ORDERED to deliver to Plaintiff's counsel, no less than five days before the scheduled deposition, copies of all documents requested in the duces tecum attached to Plaintiff's Notice of Taking Depositions in Aid of Execution of Final Judgment Duces Tecum. *See* Dkt. No. 125-1 at 2-3.

The failure to comply with any part of this order may result in the imposition of sanctions and civil contempt against Defendants Aleman Construction, Inc. and Guillermo Aleman. *See* FED. R. CIV. P. 16(f); *In re Heritage Org., LLC*, Bankr. No. 04-35574-BJH-11, 2010 WL 3516174, at *2 (Bankr. N.D. Tex. Sept. 3, 2010).

Plaintiff's Motion to Compel also seeks an order compelling Defendants to pay their one-half share of the fees for the interpreter used at trial. *See* Dkt. No. 125 at 3. The Court ordered in the Final Pretrial Order that the parties split the costs of the translator fees and costs incurred at trial. *See* Dkt. No. 84, ¶ 13. Plaintiff has attached an invoice from Sandoval & Associates, the interpreting service used at trial, to Defendants, stating that Defendants' owe $660.00. *See* Dkt. No. 125-1 at 8 of 10. Defendants Aleman Construction, Inc. and Guillermo Aleman (but not Defendants' counsel) are ORDERED, jointly and severally, to, by **May 29, 2014**, pay $660.00 for their share of the interpreting fees and costs incurred at trial.

Plaintiff's briefing appears to seek to compel Mr. McLeod, personally, to submit payment for the interpreter fees, *see* Dkt. No. 125 at 3, and, at the hearing Plaintiff's counsel stated that Defendants' counsel could be held responsible for the interpreter fees and other costs. But the Court declines to hold Mr. McLeod personally responsible for the interpreter fees. Plaintiff has provided the Court with neither authority nor bases under which Mr. McLeod should be held personally liable for any costs awarded to Plaintiff.

Finally, the Court notes that, at the April 25 hearing, Plaintiff's counsel sought sanctions against Defendants for the court reporting fees for the unfinished portion of Mr. Aleman's deposition. But, in Plaintiff's Motion to Compel, Plaintiff asks for half the costs of the court reporter used at the deposition "pursuant to an agreement between the parties." Dkt. No. 125 at 4. A motion for sanctions is not properly before the Court

at this time, and Plaintiff's request for fees made at the April 25 hearing is DENIED without prejudice.

## Conclusion

Defendants' Motion to Withdraw [Dkt. No. 118] is GRANTED. Plaintiff's Motion to Compel the Continuation of the Post-Judgment Deposition of the Defendants and Other Such Relief [Dkt. No. 125] is GRANTED in part and DENIED in part, as set forth above.

Bruce B. McLeod, III is ORDERED to cause a copy of this order to be personally served on Defendants Aleman Construction, Inc. and Guillermo Aleman and to then file an affidavit of service by **May 13, 2014**, in which Mr. McLeod shall also notify the Court of Defendants' current address and other contact information. After Mr. McLeod has done so, Bruce B. McLeod, III is granted leave to withdraw as counsel for Defendants Aleman Construction, Inc. and Guillermo Aleman and is discharged from any further responsibilities in this case.

SO ORDERED.

DATED: May 5, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE